FILED
11/7/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. MCNAMARA, | ) | |
| on behalf of plaintiff and the class | ) | |
| members described below, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:13-cv-05215 |
| | ) | Judge Holderman |
| vs. | ) | |
| | ) | |
| HIRERIGHT SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff, Michael B. McNamara,  brings this action under the Federal Fair

Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), to secure redress for defendant

HireRight Solutions, Inc.'s ("HireRight") failure to follow reasonable procedures to ensure the

maximum possible accuracy of the background checks it provided employers regarding plaintiff.

### JURISDICTION AND VENUE

2.      The Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15

U.S.C. §1681p.

3.      Venue and personal jurisdiction are proper in this Court, in that plaintiff

was injured in this District, defendant regularly does or transacts business in the District, and

defendant regularly furnishes consumer reports on persons residing within the District.

### PARTIES

4.      Plaintiff Michael B. McNamara is a citizen of Illinois and a "consumer" as

protected and governed by the FCRA.

5.      Defendant HireRight Solutions, Inc. is an Oklahoma corporation which

does business in Illinois.  HireRight's registered agent is Illinois Corporation Service Co., 801

Adlai Stevenson Drive, Springfield, Illinois 62703.

6.     At all times relevant hereto HireRight was a "consumer reporting agency" governed by the FCRA.

7.     At all times relevant hereto HireRight was regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.   The information consists primarily of background check reports for employment purposes, which are furnished under contract for monetary compensation.

8.     HireRight states on its web site, www.hireright.com, that "HireRight is a leading provider of on-demand employment background checks, drug screening and I-9 employment eligibility solutions that help organizations efficiently implement, manage and control employment screening programs. Many companies, including more than one third of the Fortune 500, trust HireRight to deliver customer-focused solutions that provide greater efficiency and faster results. Among HireRight's solutions are products for conducting employment background checks, drug testing, electronic I-9 program management and verifications for employment eligibility through DHS E-Verify, extended workforce screening (vendor screening) and global background checking. HireRight also provides pre-integrated employment background checking services through enterprise e-recruiting solutions from top providers such as Oracle/PeopleSoft, Taleo/Vurv, ADP/VirtualEdge, Kronos/Deploy Solutions and PeopleAdmin."  HireRight claims to furnish background check reports to over 45,000 firms.

## FACTS

9.     In April 2013, plaintiff applied for a job with Sears as an associate  buyer for mechanical tool sets.

10.     Sears informed plaintiff that he had been hired for the job, subject to the results of a background check.

11.     Sears obtains consumer background check reports from HireRight, and requested a report on plaintiff on or about April 17, 2013.

12. About April 19, 2013, Sears was furnished such a consumer report on plaintiff by HireRight. A copy is attached as Exhibit A.

13. HireRight did not provide plaintiff any advance notice that it was supplying a report containing derogatory information to Sears prior to sending Exhibit A to Sears. HireRight therefore had a duty to ensure that whatever adverse information it was reporting was complete and up to date pursuant to 15 U.S.C. §1681k(a)2.

14. The information that defendant HireRight provided to Sears contained inaccurate public record information, in that it reported that the "disposition" of his case was a plea of guilty/finding of guilt for a misdemeanor disorderly conduct charge.

15. Sears interpreted HireRight's report as establishing that plaintiff had been convicted of a crime, and called him before he had a chance to review the report and informed him that it would not hire him due to what was on the background report. The Sears representative who contacted plaintiff informed him that the conviction on his HreRight report disqualified him for the job. Sears also accused plaintiff of answering its employment application question regarding convictions dishonestly.

16. According to Black's Law Dictionary in criminal procedure, the term "disposition" means "the sentencing or other final settlement of a criminal case."

17. The disorderly conduct charge resulted from an incident when plaintiff was driving with his girlfriend who was pulled over for a traffic stop. While the police were testing his girlfriend, plaintiff got out of the car to see what was going on, and ended up being charged with disorderly conduct.

18. Plaintiff was not actually convicted of the charges, but was instead placed on "supervision." Supervision is not a conviction in Illinois. "If supervision is completed successfully, the court will discharge you and enter a judgment dismissing the charges without you having to return to court." Exhibit B

19. The essence of the disposition of "supervision" in Illinois law is that the

3

defendant is not found guilty of an offense and does not have a criminal record.

20.     730 ILCS 5/5-6-1, "Sentences of Probation and of Conditional Discharge and Disposition of Supervision," provides:

> **. . . (c) The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant, if the defendant is not charged with: [various offenses not here relevant].  If the defendant is not barred from receiving an order for supervision as provided in this subsection, the court may enter an order for supervision after considering the circumstances of the offense, and the history, character and condition of the offender, if the court is of the opinion that:**
>
> > **(1) the offender is not likely to commit further crimes;**
> >
> > **(2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and**
> >
> > **(3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code. . . .**

21.     730 ILCS 5/5-6-3.1, "Incidents and Conditions of Supervision," provides:

> **(a) When a defendant is placed on supervision, the court shall enter an order for supervision specifying the period of such supervision, and shall defer further proceedings in the case until the conclusion of the period.**
>
> **(b) The period of supervision shall be reasonable under all of the circumstances of the case, but may not be longer than 2 years . . .**
>
> **(d) The court shall defer entering any judgment on the charges until the conclusion of the supervision.**
>
> **(e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.**
>
> **(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section . . . a person may have his record of arrest sealed or expunged as may be provided by law. . . .**

22.     Under Illinois law, this means that there was no conviction, the charges were dismissed, and the matter "shall be deemed without adjudication of guilt and shall not be

termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime."

23.     A pamphlet distributed by the University of Illinois Student Legal Services Office, explains that "If the judge believes that sentence of court supervision is appropriate, he or she takes the guilty plea under advisement, and does not enter it as a conviction at that time....Following successful completion of the period of court supervision, the case is dismissed, and no conviction is ever entered in the record." Exhibit D

24.     The public court records about the misdemeanor charges make their conditional nature clear, as there are notations on October 14, 2011 that state "Term Date-Prob-Cond-Dis-Supv" with a date of 10/1/2012 and a reference to a "special order."  The entry a year later on October 1, 2102 states: "Supervision Term/Discharged."  Exhibit C  HireRight did not include any of this language in its background report however, but instead reported a "disposition" of "found guilty", and a "sentence" of "supervision terminated satisfactory." HireRight included the information it reported under a heading "Criminal Felony & Misdemeanor (Unlimited History) which further suggested that plaintiff had been convicted of a crime.

25.     Plaintiff disputed the manner in which HireRight was reporting the criminal proceedings both by phone and by multiple emails starting on or about May 10, 2013. HireRight's records indicate that plaintiff clearly explained the problem with the manner it was reporting the criminal proceeding. Exhibit E Plaintiff also sent HireRight a statement from the Circuit Court of Cook County Department Social Service Department indicating that "Michael McNamara was placed on Supervision on 10-14-2011 for Disorderly Conduct.  Supervision is a temporary finding of guilt; the defendant completed his conditions and was terminated satisfactory.  Supervision is not a guilty plea, and or a conviction.  If more clarification is needed please feel free to contact me." Exhibit F

26.     On or about June 7, 2013, HireRight sent plaintiff the letter attached as

5

Exhibit G refusing to make any changes to the manner in which it was reporting the criminal proceedings.  On information and belief, HireRight did not contact the person who signed Exhibit F prior to concluding its "investigation."

27.     By reporting the matter as if it were a conviction, HireRight intentionally thwarts the determination of the Illinois legislature that certain minor infractions shall not be considered convictions, shall not give rise to a criminal record, and shall not be treated as criminal for purposes of disqualification or disabilities resulting from conviction of crime.

28.     In addition, plaintiff had, correctly, answered a question on his employment application as to whether he had been convicted of a crime in the negative.  By treating a disposition of supervision as a conviction of a crime, HireRight created the appearance that plaintiff was not being truthful, when in fact he had described the disposition exactly as intended by the Illinois legislature.

29.     It is the policy and practice of HireRight to treat report dispositions of supervision as findings of guilt and/or convictions of crime, and HireRight has refused to change that policy even when confronted with evidence that its policy results in inaccurate reports.

30.     Defendant HireRight intentionally or recklessly failed to ensure the maximum possible accuracy of its consumer file relating to plaintiff and intentionally or recklessly furnished inaccurate information regarding plaintiff to users of consumer reports.

31.     Despite HireRight's refusal to correct its report, Sears eventually agreed to hire plaintiff after plaintiff finally succeeded in convincing it that HireRight's report was misleading and that he had not actually been convicted.  However, plaintiff's relations with Sears were strained as a result of the incident.

32.     As a result of defendant's conduct, plaintiff suffered embarrassment and mental anguish.

33.     The conduct complained of is part of a pattern of conduct by HireRight.

34.     In August 2012, HireRight agreed to pay a $2.6 million fine to the Federal

6

Trade Commission to settle charges that violated the Fair Credit Reporting Act by failing to use reasonable procedures to assure the maximum possible accuracy of information it provided to potential employers.

35.    In November 2011, HireRight settled a class action case in which it was accused of failing to comply with the FCRA with respect to its background check reports. The class period for the class action was prior to the time HireRight issued the report at issue.

36.    HireRight has also been sued in various individual cases for similar violations of the FCRA, including *Smith v. HireRight Solutions, Inc.*, 2010 U.S.Dist. LEXIS 46525 (E.D.Pa. May 11, 2010).

## CLASS ALLEGATIONS

37.    Plaintiff brings this action on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38.    The class, defined for purposes of Count I, consists of (a) all individuals (b) on whose consumer report defendant inaccurately reported the disposition of an Illinois criminal matter in which supervision was successfully completed as "found guilty"; (c) which report was prepared on or after a date 2 years prior to the filing of this action. The subclass, defined for purposes of Count II, consists of class members who disputed or requested reinvestigation of such matters.

39.    The class and subclass are so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

40.    There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a.    Whether defendant has a policy and practice of inaccurately reporting the disposition of matters in which supervision was successfully completed;

7

        b.      Whether defendant refused to alter its reporting of such matters when a consumer filed a dispute;

        c.      Whether such treatment violates the FCRA.

41.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible.

        b.      Members of the class are likely to be unaware of their rights;

        c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FCRA – MAXIMUM POSSIBLE ACCURACY CLAIM

44.     Plaintiff incorporates paragraphs 1-43.

45.     Defendant HireRight failed to comply with its obligations under the FCRA, 15 U.S.C. §1681e(b), by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the file it maintains on and its reports regarding plaintiff and others.

46.     Section 1681e(b) provides:

**(b) Accuracy of report.  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

47.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

48.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

49.     Section 1681p provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

**(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**

**(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendant for:

a.     Statutory damages;

b.     Actual damages;

c.     Punitive damages;

9

d.     Attorney's fees, litigation expenses and costs of suit;

e.     Such other or further relief as the Court deems proper.

## COUNT II – FCRA – IMPROPER REINVESTIGATION CLAIM

50.    Plaintiff incorporates paragraphs 1-43.

51.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, HireRight is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

52.    Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all**

**relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

53. HireRight willfully or negligently (a) failed to use reasonable means to insure the accuracy of plaintiff's credit report, (b) failed to reasonably investigate plaintiff's dispute and (c) failed to correct plaintiff's credit report.

54. HireRight violated 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the subclass members and against defendant for:

a. Statutory damages;

b. Actual damages;

c. Punitive damages;

d. Attorney's fees, litigation expenses and costs of suit;

e. Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

11

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28615\Pleading\Amended Complaint_Pleading.wpd

EXHIBIT A

HireRight Report to Sears Holding Corp. - Hoffman Estates Kenexa. Subject: Court Records.    Page 1 of 2

Intelligence to move forward

 **HireRight.**

### Michael B McNamara
Court Records

Social Security Number: ▮▮▮▮
DOB: ▮▮▮▮

Prepared By
HireRight, Inc
5151 California
Irvine, CA 9281
Phone: 866-521-6995, 949-428-580
Fax 877-797-3442, 949-224-602
customerservice@hireright.con

Request #: ▮▮▮▮
Turnaround time: 2.2 business days
**Package: A-Theft DB & Widescreen +**

Requested By
Hoffman Orders-Kenex
Sears Holding Corp. - Hoffman Estates Kenex
SHOFFMI
3333 Beverly R
Hoffman Estates, IL 6017
E-mail: srcusma@searshc.con

Date Request Submitted: 04/17/20  3 08.20:45 AM
Request Completion Date: 04/19/2013 01 38:33 PM
Adjudication Status Set: 04/29/2013 02:03 58 AM
Employee will work in?: IL
Is this a New Hire or Current Employee?: NewHire
Enter Name of Job person will be Assigned to?: Associate Buyer - Mechanical Tool Sets
Location Number: 35389
How Did New Hire Answer Conviction Question?: No

**Adjudication details**
Court Records - Meets Company Standards
🏳 Okay to hire - this job

---

**Applicant Self-Reported Convictions**                                    No Records Self-Reported

---

**1. Criminal Felony & Misdemeanor (Unlimited History)**                   **Complete - Court Record Found**
**Michael B McNamara**
   **Address(es):**        Cook County, IL, USA
   **Location Searched:** Cook County, IL
   **Time Completed:**    04/19/2013 12:41 PM
   **Verified by:**       QA-20044

| | |
|---|---|
| **Case Nbr.:** | 11-3002331 |
| **Court Name:** | |
| **Comments:** | Confirmation: Name, Date Of Birth, Other ID. ▮▮▮▮ |

| | | | |
|---|---|---|---|
| **Count:** | 1 | **Severity:** | Misdemeanor |
| **Offense Date:** | 05-16-2011 | **Disp. Date:** | 10-14-2011 |
| **Offense:** | Disorderly Conduct | | |
| **Disposition:** | Pled guilty-found guilty 😊 | | |
| **Sentence:** | 1 year supervision terminated satisfactory 10/1/12 24 hours SWAP $400 fine | | |

---

[1] "Complete" indicates that this request has been processed to conclusion  Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTES:
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named.  It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee).  Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

EXHIBIT B

# Criminal Convictions and Dismissals in Illinois

### What is a conviction and what isn't?

## What sentences are considered convictions in Illinois?

### CONDITIONAL DISCHARGE

This is a criminal sentence that doesn't involve incarceration or supervision by a probation officer but where the court will require you to meet certain conditions. This can result in incarceration if the conditions of release are violated.

### PROBATION

This is a criminal sentence that doesn't involve incarceration but where you are under the periodic supervision of a probation officer. This can result in incarceration if the conditions of release are violated.

### PAROLE

This is part of a criminal sentence that involves release after a period of incarceration where you are then subject to periodic supervision by a parole officer. This can result in re-incarceration if the conditions of release are violated.

### TIME CONSIDERED SERVED

The time spent in jail awaiting your criminal proceedings can be considered part of your criminal sentence.

### PUBLIC OR COMMUNITY SERVICE

Community Service does not always indicate you have been convicted of a crime but can be part of a criminal sentence upon conviction. Oftentimes, community service requires you to work for free for a non-profit organization or a public body like the government that will report back to the court on your hours and progress.

### PRISON OR JAIL TIME

This is part of a criminal sentence that subjects you to incarceration in a prison or jail depending on what crime you were convicted of. Generally, after a period of incarceration, you will be released on parole.

### FINES for MUNICIPAL ORDINANCE VIOLATIONS

Sometimes the sentence for a criminal violation is payment of a fine. If you cannot pay the fine, you may be subjected to incarceration.

## What isn't a conviction in Illinois?

### SUPERVISION (if completed satisfactorily)

To get supervision, you must plead guilty to the crime you are being charged with but will be released and subjected to any terms the court may place on you. Most commonly for a first offense, people are given a few months of supervision where the key term is to have no further criminal violations. If supervision is completed satisfactorily, the court will discharge you and enter a judgment dismissing the charges without you having to return to court. If supervision is not completed satisfactorily, it can result in a conviction.

### 710-1410 PROBATION

A type of probation given to first time drug offenders. You are placed in probation for up to two years during which time the proceedings are deferred. There are conditions of this probation which include periodic drug testing, community service, and no further criminal violations. If you complete 710-1410 probation satisfactorily the charges will be dismissed.

### RELEASE WITHOUT CHARGING

You are released after arrest without ever being charged with a criminal violation.

### DISMISSALS AND ACQUITTALS, including:

A Finding of Not Guilty, Stricken off With Leave to Reinstate (SOL) Note: The state *can* reinstate the case within 120-160 days if your case is SOL, Non-Suit, Nolle Prosequi, Finding of No Probable Cause, and Dismissed Without Prejudice.

Transformative Justice Law Project of Illinois      www.tjlp.org      Skillshare February 20, 2009

EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

PEOPLE OF THE STATE OF ILLINOIS

                VS                    NUMBER 11300233101

    MICHAEL    B MCNAMARA

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

A 720 5/26A1A                     M        DISORDERLY CONDUCT
The following disposition(s) was/were rendered before the Honorable Judge(s):


06/16/11 BOND SET BY RULE OF COURT            07/07/11 0371        $   1500
07/07/11 APPEARANCE FILED
      PIETRUCHA, EDWARD N.
07/07/11 CONTINUANCE BY AGREEMENT             08/09/11 0371
      PIETRUCHA, EDWARD N.
08/09/11 APPEARANCE FILED
      MANDELTORT, ELLEN BETH
08/09/11 CONTINUANCE BY AGREEMENT             09/12/11 0371
      MANDELTORT, ELLEN BETH
09/07/11 CASE ADVANCED
      GRANTED
      LEVINSON ALFRED LEE
09/07/11 MOTION DEFT - CONTINUANCE - MD       10/14/11 0371
      LEVINSON ALFRED LEE
09/12/11 SPECIAL ORDER
      ON CALL IN ERROR
      KARAHALIOS JAMES N
10/14/11 CHARGE AMENDED              C001
      DISORDERLY CONDUCT
      ETCHINGHAM JAMES P
10/14/11 PLEA OF GUILTY              C001
      ETCHINGHAM JAMES P
10/14/11 JURY WAIVED
      ETCHINGHAM JAMES P
10/14/11 FINDING OF GUILTY           C001
      ETCHINGHAM JAMES P
10/14/11 SUPERVISION - COURT
               1 YRS
      ETCHINGHAM JAMES P

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                  NUMBER 11300233101

MICHAEL    B MCNAMARA

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

  I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.
10/14/11 TERM DATE-PROB-COND DIS-SUPV          10/01/12 0371
     24 HRS SWAP BY DATE
     ETCHINGHAM JAMES P
10/14/11 SPECIAL ORDER
     VIP
     ETCHINGHAM JAMES P
10/14/11 DEFENDANT FINED               C001                    $    400
     PAY BY DATE 10/01/12
     ETCHINGHAM JAMES P
10/14/11 PAYMENT RECEIVED - BOND DEDUCT  B001      143863      $    135
10/14/11 PAYMENT RECEIVED- CREDIT CARD             143864      $    265
10/01/12 SUPERVISION TERM/DISCHARGED
     KARAHALIOS JAMES N

                                   I hereby certify that the foregoing has
                                   been entered of record on the above
                                   captioned case.
                                   Date 09/04/13

                                        DOROTHY BROWN
                             CLERK OF THE CIRCUIT COURT OF COOK COUNTY

EXHIBIT D

## COURT SUPERVISION

In Illinois, if you are charged with a traffic or misdemeanor offense, there are three potential outcomes. One is a finding of "not guilty," or an acquittal, following a trial. Another is a conviction of the offense by way of the verdict or a plea of guilty. The third, a disposition of court supervision, is somewhere between those two.

## WHAT IS COURT SUPERVISION?

The term "court supervision" is a reference to a particular sentencing option available in most traffic, municipal ordinance, and misdemeanor cases in the state of Illinois. It is not applicable to felony offenses. Court supervision can only be granted by a judge, and it is granted as a discretionary measure, not as a matter of right.

In order to receive a sentence of court supervision, you must first offer to plead guilty in court to whatever offense has been charged. If the judge believes that a sentence of court supervision is appropriate, he or she takes the guilty plea under advisement, and does not enter it as a conviction at that time. Instead, you are then placed on a period of court supervision, usually lasting three to twenty-four months.

The court will impose conditions which you must obey during the period of supervision. The law requires you to refrain from committing further offenses while on supervision. Additional conditions may include the payment of fines and costs, performance of public service work, treatment for drug and/or alcohol addiction, counseling, and whatever else may seem appropriate. Following successful completion of the period of court supervision, the case is dismissed, and no conviction is ever entered on the record.



University of Illinois
**Student Legal Service**
324 Illini Union
1401 West Green Street
Urbana, IL 61801
333-9053
Http://www.uiuc.edu/unit/SLS

**Paid for by S.O.R.F.**

**The information contained herein is not intended as a substitute for legal advice. Students who are confronted with legal problems or who need specific advice are encouraged to seek assistance from a licensed attorney.**





## COURT SUPERVISION

University of Illinois
**Student Legal Service**
324 Illini Union
1401 West Green Street
Urbana, IL 61801
333-9053
Http://www.uiuc.edu/unit/SLS

**Paid for by S.O.R.F**



## HOW DOES A JUDGE DECIDE IF I SHOULD RECEIVE COURT SUPERVISION?

In Champaign County, sentences of court supervision are not given freely. Generally speaking, once you have received this disposition, you are unlikely to be granted it a second time. In addition, the judge must make a determination that you are a person not likely to commit further offenses, that what you did in this instance is not so terrible that the general public would be outraged should you receive some special treatment, and that it would actually be in your best interest to do so.

## WHAT HAPPENS IF I DO NOT COMPLY WITH THE CONDITIONS OF MY SUPERVISION?

If you do not comply with each and every one of the conditions of your supervision, the State's attorney will file what is called a Petition to Revoke, or

PTR, asking the court to take back that sentence and to re-sentence you to something more harsh. This means that you will then receive a conviction on your record, and there may be additional terms added to your sentence, such as higher fines, increased public service work or jail time. In addition, any accompanying charges that were dismissed as part of a plea agreement could be re-filed against you.

## CAN A SENTENCE OF COURT SUPERVISION CAUSE ME PROBLEMS?

While this sentence means that you don't have a traffic, municipal ordinance, or misdemeanor conviction on your record, it can still have some repercussions. For example, a supervision for a traffic ticket is reported to the Secretary of State and appears on your driving record as such. Thus, it can be discovered by your insurance company, which may reconsider your rates based on that information. The traffic safety program offered by Champaign County and a number of others state-wide pose this risk. Misdemeanor supervisions are also recorded as a matter of public record.

Agencies such as the U.S. Citizenship and Immigration Services, as well as potential employers, can and sometimes do, make use of this data, and they are free to disregard the fact that no formal conviction was entered. Consequences such as deportation for non-U.S. citizens or denial of employment may result.

## HOW DOES COURT SUPERVISION DIFFER FROM CONDITIONAL DISCHARGE AND PROBATION?

With a successfully completed Court Supervision, you end up having your case dismissed with no conviction. Probation, which is a period of good behavior combined with conditions similar to those imposed under court supervision, and may include jail, requires regular reporting by you to a probation officer, and results in a conviction on your record. Conditional Discharge is like Probation, except that you do not have to report to a probation officer.

## IF I SUCCESSFULLY COMPLETE MY COURT SUPERVISION, CAN I HAVE MY CASE EXPUNGED?

Yes, following dismissal of your case, you may undertake expungement of your record. In most instances, you must wait a statutorily-prescribed period of time following completion of the period of supervision in order to do so.

University of Illinois
Student Legal Service
324 Illini Union
1401 West Green Street
Urbana, IL 61801
333-9053
Http://www.uiuc.edu/unit/SLS

Paid for by S.O.R.F.

EXHIBIT E

Case: 1:13-cv-05215 Document #: 31 Filed: 11/07/13 Page 26 of 31 PageID #:175

HireRight Report to Sears Holding Corp. - Hoffman Estates Kenexa. Subject: Court Recor... Page 1 of 2

Intelligence to move forward.

 **HireRight.**

## Michael B McNamara
Court Records

Social Security Number: ▮▮▮▮▮▮
DOB: ▮▮▮▮▮▮

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

**Request #: KX-041713-SM8RY**
Turnaround time: 2.2 business days
**Package: A-Theft DB & Widescreen +**

Date Request Submitted: 04/17/2013 08:20:45 AM
Request Completion Date: 04/19/2013 01:38:33 PM
Adjudication Status Set: 04/29/2013 02:03:58 AM
Employee will work in?: IL
Is this a New Hire or Current Employee?: NewHire
Enter Name of Job person will be Assigned to?: Associate Buyer - Mechanical Tool Sets
Location Number: 35389
How Did New Hire Answer Conviction Question?: No

Requested By:
Hoffman Orders-Kenexa
Sears Holding Corp. - Hoffman
Estates Kenexa
SHOFFMK
3333 Beverly Rd
Hoffman Estates, IL 60179
E-mail: srcusma@searshc.com

Adjudication details
Court Records - Meets Company Standards

⚐  Okay to hire - this job

---

## Applicant Self-Reported Convictions

No Records Self-Reported

---

1. **Criminal Felony & Misdemeanor (Unlimited History)**
   Michael B McNamara

   **Complete - Court Record Found**

   Address(es):        Cook County, IL, USA
   Location Searched:  Cook County, IL
   Time Completed:     04/19/2013 12:41 PM
   Verified by:        QA-20044

   **HireRight Comments:** Note: Yang, Yong - 10-May-2013, 17:08 - -Received call from applicant disputing criminal court record case#11-3002331, Cook County, IL. Applicant states the correct disposition is supposed to appear as "Supervision/not guilty" not a conviction. He is requesting corrections. New SFDC case is #08108286. Forwarded dispute information to Dispute Resolution Team
   Note: Sosa, Kristie - 13-May-2013, 12:12 - Investigation received by Dispute resolution team
   Note: Smith, Teresa (Tulsa) - 07-Jun-2013, 09:36 - Dispute verified. Record is reporting correctly as verified by the Court and Court Clerk. Re-Investigation complete. Emailed client advising of the completed investigation. Notified CS.

   Case Nbr.:          11-3002331
   Court Name:
   Comments:           Confirmation: Name, Date Of Birth, Other ID. IR# 1903848

   Count:              1                    Severity:    Misdemeanor
   Offense Date:       05-16-2011           Disp. Date:  10-14-2011
   Offense:            Disorderly Conduct

HireRight Report to Sears Holding Corp. - Hoffman Estates Renexa: Subject: Court Record #:g:176

| | |
|---|---|
| Disposition: | Pled guilty-found guilty |
| Sentence: | 1 year supervision terminated satisfactory 10/1/12 24 hours SWAP $400 fine |

1 "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirely to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTES:
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

EXHIBIT F



**STATE OF ILLINOIS**
**CIRCUIT COURT OF COOK COUNTY**
**SOCIAL SERVICE DEPARTMENT**

**2121 EUCLID AVENUE**
**ROLLING MEADOWS, ILLINOIS 60008**
**PHONE: 847/818-2200**
**FAX:      847/818-2725**

TIMOTHY C. EVANS
CHIEF JUDGE

JESÚS REYES, AM, ACSW
DIRECTOR

4/19/2013

To whom it may concern,

Mr. Michael McNamara was placed on Supervision on 10-14-11 for Disorderly Conduct. Supervision is a temporary finding of guilt; the defendant completed his conditions and was terminated satisfactory. Supervision is not a guilty plea, and or a conviction. If more clarification is needed please feel to contact me.

Deanna Kowalski

847-818-2224

EXHIBIT G

 HireRight.

June 7, 2013

Michael Brian McNamara Jr -

Dear Michael Brian McNamara Jr:

This letter and the attached report is in reference to information that you disputed on 5/10/2013 concerning information contained on your HireRight background report dated 4/19/2013.

HireRight has completed its investigation into the disputed information. A revised copy of your background report is enclosed along with a copy of the FTC issued "Consumer Summary of Rights." HireRight has amended its report to reflect the following:

- Case# 11-3002331 is reporting correctly according to the Cook Circuit Court docket and the court clerk, as this record will continue to report unless an order to dismiss the charge is ordered and filed by the court; therefore no changes will be made to the report. If you believe this to be an error, please clear up any discrepancies with the courts.

If requested, HireRight will provide you with a description of the procedures used in the investigation along with the name, address and telephone number (if reasonably available) of anyone we contacted for information related to this dispute investigation.

Please be informed that if you believe that the results of this investigation did not satisfactorily resolve your dispute, you may add a statement of not more than 100 words to your report. In the event that the disputed information is related to your credit report, HireRight will forward your statement to the applicable credit bureau for them to include to your credit report.

If this investigation resulted in a deletion of information from you background report, or if you have requested to add a statement to your background report concerning this dispute, you can request that HireRight send notification of the deleted information or statement provided, to any person/entity designated by you that has received a consumer report on you within the last two years for employment purposes, or within the last six months for any other purpose. In the event that the deleted information or dispute statement is related to your credit report, HireRight will forward this information to the applicable credit bureau for them to provide such notice as described above.

We appreciate your cooperation with HireRight's dispute process. Should you have further questions regarding this matter, please feel free to contact HireRight Customer Service at, 1-866-521-6995.

Sincerely,

HireRight Customer Service